

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:05CR489
    Civil Action No. 3:14cv369

RASHAWN LAMAR DAWKINS

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on May 18, 2010, the Court denied a motion under 28 U.S.C. § 2255 filed by Rashawn Lamar Dawkins. On July 18, 2013, the Court received from Dawkins a document titled, "Motion In A Criminal Case." (ECF No. 128.) As explained below, the Motion In A Criminal Case must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "'motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Here, Dawkins contends that, at his trial, Anthony Woodroffe, "fabricated" his testimony about Dawkins's drug trafficking "with the assistance of the DEA Agent." (Motion In A Criminal Case 2.) Dawkins attempt to attack his conviction

2

based on alleged constitutional violations "'asserts . . . a federal basis for relief from [his] underlying [federal] conviction[s].'" McCalister, 453 F. App'x at 778 (quoting Spitznas 464 F.3d at 1215). Accordingly, the Motion In A Criminal Case is properly construed as a successive 28 U.S.C. § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain Dawkins's successive § 2255 motion, the Motion In A Criminal Case (ECF No. 128) will be dismissed for want of jurisdiction. Dawkins request for the appointment of counsel (ECF No. 129) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Dawkins fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Dawkins and counsel for the United States.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: May 23, 2014
Richmond, Virginia